UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

REVA RAMEY,                          )
                                     )
        Plaintiff,                   )        Civil Action No. 7: 05-335-DCR
                                     )
V.                                   )
                                     )
JO ANNE BARNHART,                    )        **MEMORANDUM OPINION**
Commissioner of Social Security,     )            **AND ORDER**
                                     )
        Defendant.                   )

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Reva Ramey ("Ramey") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner").  [Record Nos. 4, 5]  Ramey seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to a period of disability and disability insurance benefits.  However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Ramey.

## I.    BACKGROUND

Ramey filed an application for a period of disability and disability insurance benefits on March 21, 2003.  This claim was denied initially and upon reconsideration.  Thereafter, Ramey requested a hearing before an ALJ.  On October 12, 2004, an administrative hearing was conducted before ALJ R. Neely Owen.  During the hearing, the ALJ heard testimony from Ramey and Leah Salyers, a vocational expert ("VE").  Thereafter, the ALJ issued a decision

-1-

denying benefits to Ramey. [Transcript (Tr.), pp. 16-23] The ALJ concluded that Ramey retained the residual functional capacity to perform medium work, including her past relevant work as a convenience store owner/operator. [Tr., p. 23] Ramey's request for review was denied by the Appeals Council on September 26, 2005. [Tr., pp. 6-8]

At the time of the hearing, Ramey was a 53-year-old individual with a high school equivalent education. [Tr., p. 270] She has past relevant work experience as a convenience store owner/operator. [Tr., p. 268] Ramey alleges a disability beginning January 13, 2003, due to injuries sustained in a car accident, specifically neck and elbow pain and whiplash; carpal tunnel syndrome, depression and nervousness.

Following review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Ramey had the residual functional capacity to perform "medium work limited to frequent climbing ramps and stairs, kneeling, and crouching; and occasional stooping, crawling, and overhead reaching." [Tr., p. 22] Based on these findings, the ALJ concluded that Ramey was not disabled within the meaning of the Social Security Act and regulations. [Tr., p. 23]

## II.    LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that she suffers from a

severe impairment.  20 C.F.R. § 404.1520(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 404.1520(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work.  If she can, she is not disabled.  20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).  The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court."  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's

-4-

demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.    ANALYSIS

Ramey's sole argument is that the ALJ erred by acting as his own medical expert in considering the report of Eric Johnson, Ph.D.  Specifically, Ramey argues that the ALJ failed to have Dr. Johnson's report reviewed by a medical expert.  As noted by the Commissioner, Ramey's argument rests on the false premise that all medical evidence must be reviewed by a medical expert before an ALJ can make a disability determination.

In support of her position, Ramey cites *Green v. Apfel*, 204 F.3d 780 (7th Cir. 2000), in which the Seventh Circuit dealt with a case in which the ALJ had discounted significant evidence indicating that the claimant had a severe medical impairment.  *Green* did not hold that all medical records must be reviewed by a medical expert.  Instead, it simply held that: (1) the Commissioner should have a claimant reviewed by a medical expert if evidence in the record suggests that the claimant may be disabled and (2) an ALJ's independent review of the medical evidence must bridge the evidence he is reviewing to his conclusions.  *Id.* at 781.  *Green*, however, is entirely inapposite from this case because here there is significant evidence in the record which demonstrates that Ramey *did not* have a severe impairment.

The ALJ provided a thorough recitation of the evidence and provided a compelling basis for his conclusion that Ramey was not disabled.  [Tr., pp. 18-21]  The ALJ noted, *inter alia*, that:

-5-

Claimant was . . . examined by Dr. M. Lyons in January 2004. Complaints were mild neck, mid, and lower back and left arm pain. An elbow injection in August 2003 was described as helpful for about a month, but claimant did not return thereafter because 'she was given no followup appointment." Claimant also admitted to Dr. Lyons that she had returned to the family store in a management capacity. Physical examination was remarkable for pain at cervical range of motion extremes with C5 and C6 point tenderness. The left elbow was sore to palpation, and Phalen's test was mildly positive while Tinel's sign was negative. Other findings were minimal but referenced T8-9 discomfort, difficulty squatting secondary to back pain, and bilateral knee pain with slight crepitus. Clinical impression was 'mild chronic cervical strain with history of C5/6 level disc bulge. Mild right CTS. Probable mild osteoarthritis of both knees. Chronic lateral epicondylisis of the elbow.' Physical rehabilitation was recommended. In terms of physical restrictions, Dr. Lyons assessed 'no to minimal' lifting/carrying limitations. Standing and walking were characterized as somewhat limited due to knee degradation, but no sitting restrictions were recommended. Postural limits were articulated as permitting frequent climbing, balancing, stooping, and kneeling with occasional crouching and crawling. Handling and feeling were restricted for the right arm due to carpal tunnel syndrome while minimal pushing/pulling constraints were imposed secondary to chronic lateral epicondylitis.

[Tr., pp. 19-20] (citations omitted). After reviewing the medical evidence of record, the ALJ noted that Ramey's physical symptoms remained fairly stable during the period following her accident. [Tr., p. 20]

A consultative psychological evaluation by Mark Simpson, Ph.D., also supports the ALJ's conclusions. Specifically, the ALJ pointed out that, in June of 2003, Ramey told Dr. Simpson that she was able to engage in the following activities: leisure reading, social visits with family members, driving, grocery shopping, paying bills, planning meals, babysitting children, cooking, dusting, washing dishes, and folding clothes. [Tr., p. 20] The mental status examination by Dr. Simpson was essentially normal with no symptoms of a thought disorder. With respect to Ramey's alleged mental impairment, the ALJ noted that, "neither state agency

clinicians nor Dr. Simpson were able to discern any significant basis for functional compromise or vocationally meaningful deficits in concentration or memory." [Tr., p. 21] T]

The ALJ relied upon these opinions in concluding that Ramey did not have a severe impairment. Thus, the Court finds that the ALJ clearly did not "act as his own medical expert," as Ramey claims. Instead, his conclusions were based upon the opinions of *actual* medical experts. In addition, "the final responsibility for deciding" a claimant's RFC "is reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(2). It is entirely appropriate for an ALJ to review the evidence in the record to determine if it comports with the claimant's alleged disabilities, as was done in this case. Reversal or remand is required *only* if the ALJ's decision is not supported by *substantial* evidence. In this case, the ALJ's decision was supported by substantial evidence.

Finally, it should be noted that Ramey points to no evidence in the record which would support her claim that she has a severe impairment. She has the burden to persuade the Commissioner that she has a severe impairment. *Casey*, 987 F.2d at 1233.

## IV.    CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, this Court concludes that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1.    Claimant's Motion for Summary Judgment [Record No. 4] is **DENIED**;

2.    The Commissioner's Motion for Summary Judgment [Record No. 5] is **GRANTED**; and

-7-

3.     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 5th day of April, 2006.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**